(88 South. 339)

## INGRAM & CO. et al. v. EASON.
### (7 Div. 633.)

(Court of Appeals of Alabama. Nov. 9, 1920.)

**1. Exchange of property ⬩11 — Defrauded party entitled to rescind horse trade.**

If defendants induced plaintiff to trade horses by warranting their horse to be sound when in fact he was not sound and by falsely representing the soundness of their horse with intent to deceive plaintiff, and if representations were not mere traders' talk, the plaintiff was entitled to rescind the trade by tendering back to the defendants their horse, and on defendants' refusal to rescind, plaintiff could bring an action in detinue and for conversion of his horse.

**2. Trial ⬩252(5) — Argumentative and abstract instruction held properly refused.**

In action in detinue and for conversion of horse by plaintiff, who was induced to enter into a horse trade by defendants' fraudulent representations as to the soundness of their horse, instruction that "commendatory expressions or extravagant statements such as men commonly use to puff their wares and induce others to enter into bargains are deemed to be representations of fact" held properly denied in absence of evidence of mere commendatory expressions or extravagant statements; the instruction being argumentative and abstract.

**3. Trial ⬩260(1)—Refusal of requested instructions covered by court's charge not error.**

Refusal of requested instructions as to matter fully covered by the court in its oral charge is not reversible error.

**4. Trial ⬩252(5)—Instruction held properly refused as abstract.**

In an action involving an issue as to plaintiff's right to rescind a horse trade for fraudulent representation as to soundness of horse, instruction that plaintiff "must have returned the horse within a reasonable time after he discovered that the horse was unsound, and, if he kept him and used him for an unreasonable time after discovery, then your verdict must be for the defendant," was properly refused as abstract, where the only evidence as to the return of the horse showed that the offer to re-

turn and rescind were made within such time as would authorize the court to say as a matter of law that the time was reasonable.

**5. Exchange of property ☞11—Offer to rescind held made within reasonable time.**

Tender of horse and offer to rescind horse trade on the day following the transaction *held* made within a reasonable time within rule requiring defrauded party to rescind within reasonable time.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by Fred Eason against the individuals composing the firm of Ingram & Co. in detinue and for conversion of a horse. Judgment for plaintiff, and defendants appeal. Affirmed.

The following are the charges referred to in the opinion as refused to the defendant.

(1) The court charges the jury that commendatory expressions or extravagant statements such as men commonly use to puff their wares and induce others to enter into bargains are deemed to be representations of fact.

(9) If defendants warranted the horse, then, before the plaintiff can recover, he must have returned the horse within a reasonable time after he discovered that the horse was unsound, and, if he kept him and used him for an unreasonable time after discovery, then your verdict must be for the defendants.

The other facts sufficiently appear from the opinion.

Tate & Logan, of Anniston, for appellants.

The court erred in refusing the several charges requested by the defendant. 35 Cyc. 71, 73; 74 Ala. 90, 49 Am. Rep. 804; 56 Ala. 202; 132 Ala. 389, 31 South. 514; 124 Ala. 127, 26 South. 922; 161 Ala. 586, 50 South. 70. New trial should have been granted. 150 Ala. 445, 43 South. 856; 135 Ala. 154, 33 South. 8; 108 Ala. 233, 19 South. 309.

Willett & Walker, of Anniston, for appellee.

Counsel discuss the errors assigned, but without citation of authority.

SAMFORD, J. The controversy in this suit grew out of a horse trade, in which the plaintiff and defendant exchanged horses, the plaintiff receiving in exchange for his horse a horse from defendants and $25 in money. The next day plaintiff carried the horse back, turned it over to defendants and offered back the $25, and demanded a rescission of the trade and the delivery back of his horse on account of a breach of warranty and deceit. Defendants refused to deliver back or to accept the tender, and plaintiff brings this suit to recover.

[1] The claim made by the plaintiff on the trial of the case was that the defendants had warranted the horse traded to him to be sound in every way, and falsely represented the horse to be sound in his wind, the horse being in fact unsound and a "choker." If the defendants warranted the horse to be sound, when in fact he was not sound, and the plaintiff relied on the warranty in making the trade, or if the defendants or either of them made false representations as to the soundness of the horse, knowing them to be false and with the intent to deceive, and such representations were not mere "trader's talk," and the plaintiff, relying on the fraudulent representation, was deceived thereby to his prejudice, the plaintiff was entitled to rescind the trade, and after electing to rescind and after tender back on his part and demand for a return of his horse, and refusal on the part of defendants, the plaintiff was entitled to maintain this suit. These questions were properly and fairly presented to the jury, with sufficient evidence on the part of the plaintiff to sustain a verdict in his behalf, and therefore the trial court did not err in overruling the defendants' motion for a new trial on the ground that the verdict was contrary to the evidence; there being no such preponderance of evidence against the verdict as would justify the court in setting it aside.

[2,3] The remaining assignments of error are grounded upon the court's refusal to give at the request of the defendant, in writing, certain charges. Charge 1 is argumentative and abstract, there being no evidence of mere commendatory expressions or extravagant statements. Besides, while the principle announced may be true as a general rule, under some circumstances such expressions or statements might amount to a warranty or to a fraudulent representation entitling the party injured to a rescission of the contract. Charges 2, 3, 4, 5, 6, 7, 8, and 10 were all fully covered by the court in its oral charge to the jury, and therefore their refusal will not work a reversal.

[4,5] Charge 9 was abstract. The only evidence in the case touching the return of the property showed that the offer to return and rescind was made within such time as would authorize the court to say, as matter of law, that the time was reasonable. The charge was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.